```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| VAZQUEZ-PENA,<br><br>**Petitioner,**<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>**Respondent.** | **Civ. No.** 08-1817 (JAG)<br>**Rel. Crim. No.** 03-186 (JAG) |

**OPINION & ORDER**

Petitioner Charlie Vazquez-Pena ("Petitioner") filed his motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 in July 2008. (Docket No. 1). Less than a month later, his attorney filed a motion to dismiss his § 2255 motion, allegedly without Petitioner's consent. (Docket No. 3). More than sixty months after judgment had issued in this case, Petitioner filed a motion to vacate the judgment under Fed. R. Civ. P. 60(b)(6). (See Docket No. 8). The Court denied that motion as untimely. (See Docket No. 9; citing James v. U.S., 603 F.Supp.2d 472 (E.D.N.Y. 2009); Moses v. United States, 2002 WL 31011864, at *2 (S.D.N.Y. Sept. 9, 2002) (listing decisions that rejected 60(b) motions on timeliness grounds for delays ranging from ten to twenty months)).

**Civ. No.** 08-1817 (JAG)                                                                 2
**Rel. Crim. No.** 03-186 (JAG)

Now before the Court is Petitioner's second motion for reconsideration, in which he claims his original motion was filed under Rule 60(b)(4), and is therefore not subject to a time bar. While Petitioner's contention that his previous motion was brought under Rule 60(b)(4) is factually incorrect,[1] the law favors Petitioner in this instance. In this Circuit, a void judgment may be set aside "at any time" pursuant to Fed. R. Civ. P. 60(b)(4). Precision Etchings & Findings, Inc. v. LGP Gem, Ltd., 953 F.2d 21, 22 (1st Cir. 1992). Therefore, giving Petitioner the benefit of the doubt and construing his motions as filed under Rule 60(b)(4), the Court is not barred from considering the same on timeliness grounds. Nevertheless, and for the reasons stated below, the Court finds that the motions lack merit and must therefore be denied.

### ANALYSIS

Rule 60(b)(4) allows the Court, upon motion and just terms, to "relieve a party … from a final judgment" when that judgment is void. "Once a district court decides that the underlying judgment is void, the trial judge has no discretion and must grant the appropriate Rule 60(b) relief …." Blaney v. West, 209 F.3d 1027, 1031 (7th Cir. 2000).

---

[1] In that motion, Petitioner made no mention of Rule 60(b)(4), and presented his arguments under the Rule 60(b)(6) standard.

**Civ. No.** 08-1817 (JAG)                                                          3
**Rel. Crim. No.** 03-186 (JAG)

"A void judgment is a legal nullity." United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 270 (2010). "The list of such infirmities is exceedingly short; otherwise, Rule 60(b)(4)'s exception to finality would swallow the rule." Id. "A judgment is not void," for example, "simply because it is or may have been erroneous." Hoult v. Hoult, 57 F.3d 1, 6 (1st Cir. 1995). Rather, "[a] judgment is void, and therefore subject to relief under Rule 60(b)(4), *only* if the court that rendered judgment lacked jurisdiction or in circumstances in which the court's action amounts to a plain usurpation of power constituting a violation of due process." United States v. Boch Oldsmobile, Inc., 909 F.2d 657, 661 (1st Cir. 1990)(emphasis in original).

Though Petitioner does not address it in these terms, he essentially claims that the judgment issued in this case is void because his attorney did not properly explain the effects of the voluntary dismissal. Specifically, Petitioner argues that his attorney's actions rendered him unable to make an informed decision on the motion for voluntary dismissal, which therefore violated his rights to "due process and effective assistance of counsel." (See also Docket No. 8, p. 3; alleging that Petitioner's "right to be heard has been grossly infringed upon as a result of counsel's non-stategical (sic) and unethical

**Civ. No.** 08-1817 (JAG)                                                                 4
**Rel. Crim. No.** 03-186 (JAG)

decision to voluntarily dismiss the meritorious Motion to Vacate."). Therefore, the question presented by Petitioner's motion is whether a judgment in a collateral proceeding is void when it is premised on a motion for voluntary dismissal filed by the petitioner's counsel, albeit without the petitioner's informed consent.

Petitioner's Sixth Amendment claim for ineffective assistance of counsel fails right out of the gate. It is well settled that a petitioner has no right to counsel in mounting a collateral challenge to his conviction. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) (noting that the Supreme Court has "never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions" because "the right to appointed counsel extends to the first appeal of right, and no further"). It follows that the Sixth Amendment cannot guarantee him *effective* assistance of counsel with his § 2255 petition. Thus, this particular argument could not be sustained even if it were true that his counsel did not properly explain the consequences of voluntary dismissal in this case.

On the other hand, whether or not his attorney's actions deprived him of due process is beside the point. Relief is only available, according to the First Circuit, if *this Court's*

Case 3:08-cv-01817-JAG   Document 15   Filed 02/20/14   Page 5 of 8

**Civ. No.** 08-1817 (JAG)                                                          5
**Rel. Crim. No.** 03-186 (JAG)

*action* "amounts to a plain usurpation of power constituting a violation of due process." Boch Oldsmobile, 909 F.2d at 661 (1st Cir. 1990); accord United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 271 (2010). Federal courts considering Rule 60(b)(4) motions that assert that a judgment is void because of a due process defect generally reserve relief for when a party can show that lack of notice deprived them of the right to be heard. See e.g. Price v. Wyeth Holdings Corp., 505 F.3d 624 (7th Cir. 2007); Doe v. Lexington-Fayette Urban County Gov't, 407 F.3d 755 (6th Cir. 2005); U.S. v. One Toshiba Color Television, 213 F.3d 147 (3rd Cir. 2000); Grun v. Pneumo Abex Corp., 163 F.3d 411 (7th Cir. 1998), cert. denied 526 U.S. 1087.

Petitioner makes no clear argument regarding this point. At most, he says that this Court's "denial of the timely 60(b)(4) motion exceeded the proper judicial power in violation of the Constitution." (Docket No. 11, p. 3). But Petitioner fails to explain how this is so. First, his previous motion (filed under Rule 60(b)(6)) was properly denied as untimely. More to the point, Petitioner has not explained how his right to due process was violated when the Court relied on his counsel's signed motion for voluntary dismissal to enter judgment in this case. According to the Federal Rules of Civil Procedure, an attorney's signature certifies to the best of his knowledge that the motion

**Civ. No.** 08-1817 (JAG)                                                                 6
**Rel. Crim. No.** 03-186 (JAG)

"is not being presented for any improper purpose," and that "the factual contentions [contained therein] have evidentiary support […]." See Fed. R. Civ. P. 11(b). Here, Petitioner's attorney made clear that, while he explained "all possible caveats in reference to said voluntary dismissal," Petitioner was "adamant in his request" for dismissal. (Docket No. 3). Though Petitioner disputes his attorney's contentions, the fact remains that the Court entered judgment *only after* reviewing the motion for voluntary dismissal signed by Petitioner's attorney of record. Therefore, the Court's action was supported by the record, and as such, no due process violation occurred.

As a final point, the Court notes that at times, Petitioner's motions read as though his attorney never discussed the matter with him, and filed the motion for voluntary dismissal entirely without Petitioner's knowledge. (See e.g. Docket No. 11, p. 3: "counsel, not [Petitioner] voluntarily withdrew the Motion to Vacate"). Were this the case, the Court's opinion might read differently. Notably, however, Petitioner says that he "would have never withdrawn the Motion to Vacate after knowing that the sentence was illegal and after paying [his] attorney." (Docket No. 11, p. 3)(our emphasis). He also admits "that [he] and his attorney consulted one another" about filing the motion, stating that it was his "Counsel's non-

**Civ. No.** 08-1817 (JAG)                                                               7
**Rel. Crim. No.** 03-186 (JAG)

strategic and unethical advice" that prompted Petitioner to send "a letter to counsel with respects (sic) to the Motion to Dismiss." (Docket No. 8, p. 3). So by Petitioner's own admission, this is not a situation in which counsel acted *entirely without* his client's consent. Petitioner's position is that his attorney gave him the wrong advice, which then translated into the dismissal of this case. Indeed, the fact that Petitioner's motion came five years after the entry of judgment corroborates the view that he had discussed the motion to dismiss with his attorney and had consented to its filing. Unfortunately, "bad legal advice does not relieve the client of the consequences of [his] own acts." Cannon-Stokes v. Potter, 453 F.3d 446, 449 (7th Cir. 2006). "A lawyer is the client's agent, and the client is bound by the consequences of advice that the client chooses to follow." Id.; see also Link v. Wabash Railroad Co., 370 U.S. 626, 633-34 (1962)(the "argument that the sins of the attorney should not be visited on the client is a seductive one, but its siren call is overborne by the nature of the adversary system."). In these situations, "if an attorney's conduct falls substantially below what is reasonable under the circumstances, the client's remedy is against the attorney in a suit for malpractice." Link, 370 U.S. at 634, n.10.

**Civ. No.** 08-1817 (JAG)                                                                 8
**Rel. Crim. No.** 03-186 (JAG)

## CONCLUSION

In light of the above, the Court finds that the judgment entered in this case was not void *ab initio*. Therefore, Petitioner's request for relief from judgment under Fed. R. Civ. P. 60(b)(4) fails. Motion denied.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 20th day of February, 2014.

                                                S/Jay A. Garcia-Gregory
                                                U.S. District Judge